UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| MICHELLE WIDNER, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:21-cv-00043 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| HSV HOLIDAY LLC and UGLY | ) By:   Hon. Thomas T. Cullen |
| DUCKLING RECREATION GROUP | )        United States District Judge |
| INC., | ) |
| | ) |
| Defendants. | ) |

Plaintiff Michelle Widner alleges that Defendants HSV Holiday LLC ("HSV"), the owner of a campground in Broadway, Virginia, and its management company, Ugly Duckling Recreation Group Inc. ("Ugly Duckling"), employed her for approximately one year. During that period of employment, on June 25, 2020, Widner claims she was injured in a recreational vehicle accident with a campground patron that caused her to seek medical treatment and miss three weeks of work. On July 2, 2020, Widner filed a claim for worker's compensation benefits and notified her employers as such. Widner alleges that when she returned to work, her supervisor informed her that she was "permanently replaced" and instructed her to work from home with limited hours. (Compl. ¶ 22 [ECF No. 1-2].) Widner was later terminated on August 11, 2020, for "poor performance and misconduct." (*Id.* ¶ 29.) Plaintiff alleges that "[t]he sole reason for [her] termination was her filing for worker's compensation" in violation of Virginia Code section 65.2-308. (*Id.* ¶ 31.)

On April 13, 2021, Plaintiff filed this lawsuit in Rockingham County Circuit Court. Defendants removed the action to this court, and Ugly Duckling filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF Nos. 1, 4.) In short, Ugly Duckling argues that Widner has failed to allege sufficient facts to support her assertion that she was an employee of the company.

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A complaint must allege facts sufficient to raise a right to relief above the speculative level, thereby nudging the claim across the line from conceivable to plausible. *Burnette v. Fahey*, 687 F.3d 171, 180 (4th Cir. 2012). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, the court's inquiry is limited to whether the allegations constitute "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "A complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Martin*, 98 F.2d at 952 (cleaned up) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). As such, courts must construe all allegations in the light most favorable to the plaintiff. *Id.*

Ugly Duckling argues that Widner has not sufficiently alleged that she was an employee of the company at the time of her alleged retaliatory termination and therefore that she has failed to state a claim against it. The Virginia Worker's Compensation Act defines an employee as: "Every person, including aliens and minors, in the service of another under any contract of hire or apprenticeship, written or implied, whether lawfully or unlawfully employed." Va. Code. Ann. § 65.2-101 (2020). The claimant "bears the burden of establishing that [she] is an employee under the Act." *Rios v. Ryan Inc. Central*, 542 S.E.2d 790, 792 (Va. Ct. App. 2001). Relevant to this inquiry, the court considers the following four factors: "(1) selection and engagement of the employee; (2) payment of wages; (3) power of dismissal; and (4) power of control of the employee's action." *Mount Vernon Builders v. Rotty*, 507 S.E.2d 95, 96 (1998). "The relation of employer and employee does not exist where the former has no right to select the latter, no right of control, no right to discharge or remove, no power or authority to prescribe the duties, and no right to determine the method, the manner[,] or time in which the services shall be performed." *Knight v. The Peoples Nat'l Bank of Lynchburg*, 29 S.E.2d 364, 3988 (Va. 1944).

In her complaint, Widner alleges that she worked for Ugly Duckling between August 24, 2019, and August 11, 2020. She further alleges that she was "the Director of Ugly Duckling"; that she "did not receive any performance counseling during her tenure as . . .

3

Director for Ugly Duckling"; and that she "received several promotions and raises during her time working for [Ugly Duckling]." (Compl. ¶¶ 8–9.)

Ugly Duckling nevertheless argues Widner "does not allege facts sufficient to show that she was separately employed by Ugly Duckling and not just HSV." (ECF No. 5 at 4.) But Ugly Duckling attempts to heighten the pleading standard in Rule 8 and advances arguments more suited for summary judgment. With the benefit of a full factual record, Ugly Duckling may ultimately prevail at summary judgment by establishing that it never employed Widner. But for purposes of a motion to dismiss, Widner has sufficiently alleged that she was an employee of Ugly Duckling. Widner's complaint included her job title and her tenure with the company, and she alleged that she received raises and promotions from Ugly Duckling throughout her employment there. Widner has therefore provided a short and plain statement supporting her allegation of employment and demonstrating, at least at this preliminary stage, that she is entitled to relief.

For the above reasons, the court will deny Ugly Duckling's motion to dismiss. A separate order will issue.

The Clerk is directed to forward a copy of this Memorandum Opinion to all counsel of record.

**ENTERED** this 26th day of July, 2021.

           */s/ Thomas T. Cullen*
           HON. THOMAS T. CULLEN
           UNITED STATES DISTRICT JUDGE